J-S34006-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :         PENNSYLVANIA
                               :
              v.               :
                               :
                               :
                               :
DERRICK DEON COBBS,            :
                               :
              Appellant        :  No. 861 WDA 2018

Appeal from the Judgment of Sentence February 2, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0004617-2009

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY DUBOW, J.:                    FILED OCTOBER 02, 2019

Appellant, Derrick Deon Cobbs, appeals pro se from the Judgment of

Sentence entered in the Westmoreland County Court of Common Pleas on

February 2, 2018, following remand from this Court for resentencing.  After

careful review, we affirm.

A prior panel of this Court set forth the relevant facts and prior

procedural history as follows:

> The Commonwealth charged Appellant with [drug possession and
> firearms offenses] after a woman reported to police that Appellant
> had held her against her will at a home in Jeannette and
> threatened her.  She also reported that he had firearms, crack
> cocaine, and marijuana in the residence.  Following Appellant's
> jury conviction of [drug possession and firearms offenses], the
> court sentenced Appellant on August 12, 2014, to an aggregate
> term of 16 to 40 years' incarceration, including a term of 5 to 15
> years[] for Possession with Intent to Deliver Heroin ("PWID"),
> pursuant to 42 Pa.C.S. § 9712.1.  Eight days later, this Court held
> Section 9712.1 to be unconstitutional.  See Commonwealth v.
> Newman, 99 A.3d 86 (Pa. Super. 2014) (applying Alleyne[v.

_____

*   Retired Senior Judge assigned to the Superior Court.

United States, 133 S.Ct. 2151 (2013))]. Appellant filed a Post-Sentence Motion challenging, inter alia, the legality of his sentence. On February 6, 2017, the trial court entered an Order denying Appellant's Post-Sentence Motion by operation of law.

Commonwealth v. Cobbs, No. 376 WDA 2017 (Pa. Super. filed December 11, 2017) (judgment order).

Appellant filed a direct appeal from his Judgment of Sentence, challenging the sufficiency of the Commonwealth's evidence supporting his convictions of three counts of PWID, four counts of Possession of Drugs, and one count of Person Not to Possess Firearms.[1] Appellant also challenged the legality of his sentence. This Court affirmed Appellant's convictions, finding that Appellant had waived his sufficiency claims by failing to develop them in his Brief, but vacated his illegal sentence and remanded for resentencing.[2] Id.

Upon remand, the trial court sentenced Appellant on February 2, 2018 on two of his PWID convictions to concurrent terms of a term of 27 months' to 5 years' incarceration and 3½ to 10 years' incarceration. In all other respects, Appellant's sentence remained the same, including the imposition of consecutive sentences for his Person Not to Possess conviction and one of his

_____

[1] In particular, the jury convicted Appellant of 3 counts each of 35 P.S. § 780-113(a)(16) and 35 P.S. § 780-113(a)(30), and one count each of 35 P.S. § 780-113(a)(31) and 18 Pa.C.S. § 6105(a)(1).

[2] Appellant did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court following this Court's affirmance of his convictions.

PWID convictions. Thus, Appellant's new aggregate sentence was 11 to 25 years' incarceration.[3]

On February 9, 2018, while represented by counsel, Appellant filed pro se a "Motion to Dismiss Counsel for Ineffectiveness, Conflict of Interest, Irreconcilable Differences." The following day, Appellant's counsel filed a Motion for Modification of Sentence, claiming that the court abused its discretion in imposing consecutive sentences.

On February 14, 2018, while still represented by counsel, Appellant pro se filed a "Petition to Proceed Pro Se during Litigation of Direct Appeal" and, on February 28, 2018, he pro se filed a "Post-Sentence Motion."

On March 3, 2018, the trial court scheduled a Grazier[4] hearing for April 24, 2018. On April 24, 2018, the court attempted to conduct the Grazier hearing, with Appellant participating by video. Appellant, however, refused to remain in the video room during the hearing. Thus, the court ordered that Appellant's attorney continue to represent him.

On May 10, 2018, the trial court denied Appellant's Post-Sentence Motion.

_____

[3] During the resentencing hearing at which Appellant's counsel appeared and Appellant participated by video, Appellant requested that the court reschedule the hearing so that the court could appoint him new counsel. The court denied Appellant's request, causing him to become visibly angry and to leave the video room prior to resentencing. Thus, the court sentenced him in abstentia.

[4] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998)

This timely appeal followed. Appellant complied with the court's Order pursuant to Pa.R.A.P 1925 and the court filed a Rule 1925(a) Opinion adopting its May 10, 2018 Order in support of its decision.

On August 28, 2018, Appellant filed a pro se Application for Relief in which he requested that this Court permit him to proceed pro se. This Court remanded this matter for the trial court to conduct another Grazier hearing. Following the hearing, on September 19, 2018, the court ordered that Appellant may proceed pro se.

Appellant raises the following nine issues in his pro se appellate Brief:

I. Whether the verdicts of guilty were rendered against the weight of the evidence?

II. Whether the verdicts of guilty are supported by the sufficiency of the evidence?

III. Whether the sentence constituted an excessive sentence?

IV. Whether the trial court committed reversible error in allowing trial evidence to be tampered with and placed [sic] during trial?

V. Whether the trial court erred in permitting inadmissible testimony at trial?

VI. Whether the trial court erred in denying the Motion for Double Jeopardy?

VII. Whether the trial court erred in denying the Motion for Suppression?

VIII. Appellant's appellate counsel rendered ineffective assistance of counsel which prejudiced Appellant by "discontinuing" Appellant's direct appeal issues without consulting Appellant.

IX. Appellant's second appellate counsel rendered ineffective assistance of counsel in appellate review which prejudiced

Appellant by his filing a deficient and incompetent appellant brief, as identified by this Honorable Court.

Appellant's Brief at 3.

Before we address the merits of Appellant's claims, we must determine which, if any, of Appellant's issues are properly before us. Issues one, two, four, five, six, and seven, challenge Appellant's underlying convictions. Where an appellant has already had the benefit of a direct appeal, which resulted in remand for resentencing, he is precluded from raising any issues other than a challenge to the sentence imposed on remand. Commonwealth v. Williams, 151 A.3d 621, 625 (Pa. Super. 2016) (citing Commonwealth v. Anderson, 801.A2d 1264, 1266 (Pa. Super. 2002)). See also Commonwealth v. Sepulveda, 144 A.3d 1270, 1280 n.19 (Pa. 2016) ("[W]here a case is remanded for a specific and limited purpose, issues not encompassed within the remand order may not be decided on remand as a remand does not permit a litigant a proverbial second bite at the apple.") (internal quotation marks and citation omitted). Any issues that should have been raised in the initial direct appeal are waived. Williams, 151 A.3d at 625. Accordingly, these issues, which Appellant could have raised on direct appeal, but did not, are waived.[5]

In his eighth and ninth issues, Appellant challenges the effectiveness of his prior counsel. It is well-settled that, generally, a defendant "should wait

_____

[5] As noted supra, Appellant did challenge the sufficiency of the Commonwealth's evidence in support of his convictions, but waived the issue by failing to develop it in his appellate brief.

- 5 -

to raise claims of ineffective assistance of counsel until collateral review." Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002). Because this appeal is a direct appeal from Appellant's new Judgment of Sentence and not a post-sentence collateral appeal, we conclude that Appellant's eighth and ninth issues are premature. We, thus, dismiss them without prejudice to Appellant's right to raise them in a timely first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-9546.

In his remaining issue—issue three—Appellant claims that his new sentence is excessive. This issue presents a challenge to the discretionary aspects of Appellant's sentence.

Challenges to the discretionary aspects of sentence are not appealable as of right. Commonwealth v. Leatherby, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). Id.

Appellant preserved this sentencing challenge in a post-sentence motion, and filed a timely Notice of Appeal. Appellant has not, however,

included a Pa.R.A.P. 2119(f) Statement in his Brief. Appellant has, thus, waived his challenge to the discretionary aspects of his sentence. See Commonwealth v. Sanchez, 848 A.2d 977, 986 (Pa. Super. 2004) (holding that appellant waived challenge to discretionary aspects of sentence where he failed to include in his brief a Pa.R.A.P. 2119(f) Statement).

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/2019